MALLOW, KONSTAM & HAGER, P.C
Gerold Mallow (GMM8832)
321 Broadway, 5th Floor
New York, New York 10007

Attorneys for the Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

GENERAL MEDIA COMMUNICATIONS, INC.,
a New York Corporation and PENTHOUSE
DIGITAL MEDIA PRODUCTIONS, INC.
a New York Corporation,

    Plaintiffs,

G.Q. ASSOCIATES, L.L.C., a Connecticut Limited
Liability Corporation and HORIZON MEDIA
GROUP, L.L.C., a Connecticut Limited Liability
Corporation,

    Defendants.
------------------------------------------------------------------X

07 CIV. 8523(SAS)

Answer of Defendants G.Q. ASSOCIATES, L.L.C., a Connecticut Limited Liability Corporation and HORIZON MEDIA GROUP, L.L.C., a Connecticut Limited Liability Corporation

  Defendants, G.Q. ASSOCIATES, L.L.C., a Connecticut Limited Liability Corporation and HORIZON MEDIA GROUP, L.L.C., a Connecticut Limited Liability Corporation by their attorneys Mallow, Konstam & Hager, P.C., hereby respond to plaintiffs' Complaint as follows:

  1.  The averments of this paragraph are conclusions of law and need not be answered.

  2.  The averments of this paragraph are conclusions of law and need not be answered.

  3.  Admitted.

  4.  Admitted.

  5.  Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

  6.  Denied-answering defendants are without sufficient information to form a belief

as to the truth contained therein and therefore, same is denied.

7. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

8. Admit that the defendant conducted business in Connecticut of two stores pursuant to a writing which document speaks for itself.

9. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

10. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

11. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

12. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

13. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

14. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

15. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

16. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

17. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

18. Denied except admit that a writing may have been entered into between the

parties which document speaks for itself.

19. Denied except admit that a writing may have been entered into between the parties which document speaks for itself.

20. Denied except admit that a writing may have been entered into between the parties which document speaks for itself.

21. Denied except admit that a writing may have been entered into between the parties which document speaks for itself.

22. Denied except admit that a writing was entered into between the parties which document speaks for itself.

23. Denied except admit that a writing was entered into between the parties which document speaks for itself.

24. Denied except admit that a writing was entered into between the parties which document speaks for itself.

25. Denied except admit that a writing was entered into between the parties which document speaks for itself.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied except admit that a writing was entered into between the parties which document speaks for itself.

33. Denied except admit that a writing was entered into between the parties which

document speaks for itself.

34. Denied except admit that a writing was entered into between the parties which document speaks for itself.

35. Denied except admit that a writing was entered into between the parties which document speaks for itself.

36. Denied.

37. Denied.

38. Denied except admits receipt of a writing dated November 20, 2006 from PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC.

39. Denied.

## AS TO THE FIRST CLAIM FOR RELIEF

40. Answering defendants incorporate by reference its answer to paragraph 1 through 39 as though set forth fully herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## AS TO SECOND CLAIM FOR RELIEF

47. Answering defendants incorporate by reference its answer to paragraph 1 through 46 as though set forth fully herein.

48. Denied.

49. Denied.

50. Denied.

### AS TO THIRD CLAIM FOR RELIEF

51. Answering defendants incorporate by reference its answer to paragraph 1 through 50 as though set forth fully herein.

52. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

53. Denied

54. Denied

55. Denied

56. Denied

### AS TO FOURTH CLAIM FOR RELIEF

57. Answering defendants incorporate by reference its answer to paragraph 1 through 56 as though set forth fully herein.

58. Denied.

59. Denied.

60. Denied.

### AS TO FIFTH CLAIM FOR RELIEF

61. Answering defendants incorporate by reference its answer to paragraph 1 through 60 as though set forth fully herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

70. Denied.

### AS TO SIXTH CLAIM FOR RELIEF

71. Answering defendants incorporate by reference its answer to paragraph 1 through 70 as though set forth fully herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied-answering defendants are without sufficient information to form a belief as to the truth contained therein and therefore, same is denied.

78. Denied.

### AS TO SEVENTH CLAIM FOR RELIEF

79. Answering defendants incorporate by reference its answer to paragraph 1 through 78 as though set forth fully herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## AS TO EIGHTH CLAIM FOR RELIEF

84. Answering defendants incorporate by reference its answer to paragraph 1 through 83 as though set forth fully herein.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## AS TO NINTH CLAIM FOR RELIEF

89. Answering defendants incorporate by reference its answer to paragraph 1 through 88 as though set forth fully herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## AS TO TENTH CLAIM FOR RELIEF

94. Answering defendants incorporate by reference its answer to paragraph 1 through 93 as though set forth fully herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

### AS TO ELEVENTH CLAIM FOR RELIEF

101. Answering defendants incorporate by reference its answer to paragraph 1 through 100 as though set forth fully herein.

102. Denied.

103. Denied.

### AS TO TWELFTH CLAIM FOR RELIEF

104. Answering defendants incorporate by reference its answer to paragraph 1 through 103 as though set forth fully herein.

105. Denied.

106. Denied.

107. Denied.

### AS AN FOR A FIRST AFFIRMATION DEFENSE

1. That the plaintiff terminated the Hartford agreement on November 27, 2006.

### AS AN FOR A SECOND AFFIRMATION DEFENSE

2. That the plaintiff failed to provide service as was required under the writings

between the parties.

### AS AN FOR A THIRD AFFIRMATION DEFENSE

3.      Payment.

WHEREFORE, answering defendants G.Q. ASSOCIATES, L.L.C., a Connecticut Limited Liability Corporation and HORIZON MEDIA GROUP, L.L.C., a Connecticut Limited Liability Corporation demand judgment in their favor and against the claim asserted by plaintiff's against them.

Respectfully submitted,

_____
Gerold Mallow

### DEMAND FOR JURY TRIAL

Answering defendants demand a jury trial on all of the triable issues in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Gerold Mallow

Dated: New York, New York
       December 28, 2007

Wp51/answer/08/gq122807rfd