UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GENERAL MEDIA COMMUNICATIONS, INC.,
a New York Corporation and PENTHOUSE
DIGITAL MEDIA PRODUCTIONS INC.,
a New York Corporation,

     Plaintiffs,

v.

G.Q. ASSOCIATES, L.L.C., a Connecticut Limited
Liability Corporation and HORIZON MEDIA
GROUP, L.L.C., a Connecticut Limited Liability
Corporation,

     Defendants.
-----------------------------------------------------------------X

: 07 Civ. 8523 (SAS)

: **SETTLEMENT AGREEMENT**
: **AND CONSENT JUDGMENT**

  Upon the consent of the parties and sufficient cause appearing therefor, it is ORDERED, ADJUDGED AND DECREED as follows:

  1.  All licenses which Defendants have or might claim to have to use any trademark, service mark, trade name, keyword, business name or domain name owned by either Plaintiff or any parent, subsidiary or affiliate of either Plaintiff (hereinafter referred to as "Plaintiffs"), including, without limitation, the License Agreements referenced in the complaint filed in this action are terminated effective immediately, and the parties shall have no further obligations to each other as it concerns any such licenses, including, without limitation, the License Agreements referenced in the complaint filed in this action, except as set forth in this Settlement Agreement and Consent Judgment and except as it relates to the provisions of said License Agreements which specifically survive termination.

2. Defendants and their officers, agents, servants, representatives, employees, successors, affiliates and assigns (hereinafter referred to as "Defendants") and all those persons in active concert or participation with all or any of them who receive notice of this Settlement Agreement and Consent Judgment, are hereby permanently enjoined and restrained from:

    a)    using or knowingly authorizing any third party to use any trademark, service mark, domain name, keyword, business name or trade name consisting in whole or in part of any trademark owned by Plaintiffs, including, without limitation, the trademarks alleged in paragraph 15 of the complaint in this action (hereinafter the "PENTHOUSE Marks"), or from using any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of any of the PENTHOUSE Marks, in connection with any business, products, or services, without written authorization of Plaintiffs;

    b)    imitating, copying or making any unauthorized use of any of the PENTHOUSE Marks, or any copy, simulation, variation or imitation thereof;

    c)    making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods, services, or Internet domain names and/or websites are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiffs;

    d)    using or knowingly authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods or services, any false description, false representation, or false designation of origin, or any marks, names,

words, symbols, or devices which falsely associate such goods or services with Plaintiffs or tend to do so;

e)   registering or applying to register as a trademark, service mark, domain name, keyword, trade name or other identifier any mark or name consisting of the PENTHOUSE Marks, or any other mark, name or domain name that infringes on or is likely to be confused with the PENTHOUSE Marks;

f)   engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the PENTHOUSE Marks, or Plaintiffs' rights therein; and

g)   aiding, assisting or abetting any other party in doing any such act.

3. Defendants and all persons acting in concert or participation with either of them shall, pursuant to Section 36 of the Lanham Act, 15 U.S.C. §1118, deliver up for destruction to Plaintiff GMCI or its designee at 2 Penn Plaza, 11th Floor, Suite 1125, New York, New York 10121, all infringing parts, labels, signs, prints, packages, products, wrappers, receptacles, advertisements, business cards, stationery, software (including source and object codes) and all other electronic materials, and all other materials in their possession or custody and control that are within the United States of America, its territories and possession, which depict the PENTHOUSE Marks or a part of the PENTHOUSE Marks, by themselves or in combination with other words, names, or phrases, or any other mark, word, name, or phrase so similar to the PENTHOUSE Marks as to be likely to cause confusion, mistake, or deception, including, without limitation, the trademarks alleged in paragraph 15 of the complaint in this action, and all means of making or affixing the same within ten (10) days from the entry of this Judgment.

4. Defendants shall delete from their computer files, menus, hard drives, diskettes, and backups and deliver up to Plaintiff GMCI or its designee at 2 Penn Plaza, 11th Floor, Suite 1125, New York, New York 10121, all infringing materials incorporating or bearing any trademark, trade name, service mark, keyword, business name or domain name that consists in whole or in part of the PENTHOUSE Marks, or any copies, simulations, variations, or colorable imitations thereof within ten (10) days from the entry of this Judgment.

5. Defendants shall file with the Court and serve on Plaintiffs' counsel within thirty (30) calendar days from the entry of this Judgment a report in writing under oath setting forth in detail the manner and form which Defendants have complied with the requirements of the injunction and this Settlement Agreement and Consent Judgment.

6. Defendants, jointly and severally, shall pay to Plaintiffs the sum of $275,000.00. Payment shall be made in twenty-six (26) equal monthly installments of $10,000.00 and one additional payment of $15,000.00 in the twenty-seventh month due on the first business day of each month following the entry of this Judgment, except that the first payment shall be made no later than five (5) days after the entry of this Judgment. Payments shall be made by electronic funds transfer by means specified in a communication sent to Gerold Mallow, Esq. If Defendants default in making any payment when due and such default continues for a period of five (5) business days after notice to Gerold Mallow, Esq. by facsimile transmission to (212) 267-4080, the Clerk shall enter a Supplemental Judgment for the amount of $380,000.00 less the payments made by Defendants to the date of the default and received by Plaintiffs, plus

interest at the legal rate on the entire amount of $380,000.00 from the date of this Judgment, upon the application of Plaintiffs supported by an affidavit or declaration by an officer or attorney of either Plaintiff or a parent or successor of either Plaintiff attesting to the default.

7. To secure their obligations under this Judgment, Defendants will within five (5) days following the entry of this Judgment deliver to Plaintiffs' attorney of record an executed UCC-1 Financing Statement for each Defendant in proper recordable form providing both Plaintiffs with a security interest in all of their goods, chattels, fixtures and other property subject to Article 9 of the New York Uniform Commercial Code, and all proceeds thereof. Upon complete satisfaction of Defendants' monetary obligations under this Agreement and Judgment, Plaintiffs will forward to Gerold Mallow, Esq. a standard form release of the UCC-1 and a satisfaction of the monetary provisions of this Judgment.

8. To further secure Defendants' obligations under this Judgment, their principal, Daniel Quinn, residing at 76 Bull Hill Road, Old Chester, Connecticut ("Quinn"), hereby appears in this action as a Defendant and consents to the entry of this Judgment against him and agrees that he is jointly and severally liable with the other Defendants herein. All provisions of this Judgment applicable to "Defendants," "Horizon" and "GQ" are *pro tanto* applicable to Quinn.

9. The Court shall have continuing jurisdiction for the purpose of construing and enforcing the terms of this Settlement Agreement and Consent Judgment and remedying violations thereof, by way of contempt or otherwise, and to enter supplemental

judgments at the foot of this Judgment to effectuate the intent and provisions of this Judgment.

10. For purposes of seeking judicial intervention to enforce the terms of this Settlement Agreement and Consent Judgment and punishing violations thereof, Defendants acknowledge that any breach of this Settlement Agreement and Consent Judgment (except Paragraph 6 thereof) will result in irreparable injury to Plaintiffs entitling Plaintiffs to the entry of temporary, preliminary and permanent injunctive relief as well as any monetary relief that may be available.

11. In the event that Plaintiffs bring a proceeding to enforce the terms of this Settlement Agreement and Consent Judgment and prevail, Plaintiffs shall be awarded their reasonable attorneys' fees, in-house fees, costs and expert witness fees, if any.

12. This Settlement Agreement and Consent Judgment shall be binding on and inure to the benefit of the parties hereto, their officers, representatives, members, managers, directors, agents, heirs, executives, beneficiaries, employees, successors, assigns, subsidiaries, affiliates and parents.

13. Except as provided above, and provided that Defendants are in full compliance with all of their obligations, representations and warranties under this Settlement Agreement and Consent Judgment, Plaintiffs shall be deemed to have withdrawn their complaint upon the entry of this Judgment by the Court.

\

\

\

\

DONE in Chambers at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, New York, New York, this 27 day of Feb, 2008.

ENTER:

_____
Shira A. Scheindlin, U.S.D.J.

AGREED AND CONSENTED TO, AS TO FORM AND CONTENT:

PANTALEONI & WEISS LLP            MALLOW, KONSTAM & HAGER, P.C.
Attorneys for Plaintiffs                   Attorneys for Defendants, including
                                           Quinn
107 East 37 Street                  321 Broadway
New York, NY 10016                  New York, NY 10007
(212) 213-3285                      (212) 964-7990

By _____         By _____
   Lawrence N. Weiss (LW9584)          Gerold Mallow (GW8832)

                                    G.Q. ASSOCIATES, L.L.C.

                                    By _____
                                       Daniel Quinn, President & CEO


                                    HORIZON MEDIA GROUP, L.L.C.

                                    By _____
                                       Daniel Quinn, President & CEO


                                    DANIEL QUINN, Individually

                                    _____